Dear Mayor Williams:
This office is in receipt of your recent request for an opinion of this office regarding the coordinated benefits received by certain disabled city employees as a result of the 1983 merger of the City of Shreveport's Policemens' Pension and Relief Plan (PPRP) with the Municipal Police Employees' Retirement System (MPERS). We understand that at the time of the merger, employees who were members of PPRP received a guarantee from the City of Shreveport that they would suffer no loss of any of the benefits that they were entitled to receive under the PPRP plan.
We are advised by Ms. Phyllis K. Copp of Shreveport's Finance Department that when a disability retiree is converted to regular retirement under the PPRP plan, there is often a decrease in the retiree's benefit under that plan. This decrease is a result of the difference in the way the PPRP disability and PPRP regular retirement benefits are calculated. For obvious reasons, the decrease is often upsetting to disability retirees. Furthermore, since PPRP regular retirement is based on constructive years of service, and MPERS is based on age, the conversion from disability retirement to regular retirement rarely, if ever, occurs at the same time. We are advised that some disability retirees have trouble understanding how they can reach regular retirement under one plan, and not the other.
This office has been asked to examine whether a disability retiree who has reached regular retirement status under the PPRP plan, but has not reached regular retirement status under the MPERS plan should continue to receive disability benefits (instead of regular retirement benefits) under the PPRP plan until such time as he also begins to receive regular retirement benefits (instead of disability benefits) under the MPERS plan.
This inquiry requires this office to examine the applicable statutory provisions enacted by the legislature, which provisions set forth the benefits an employee is entitled to receive under each plan.
In accordance with LSA-R.S. 11:3724(3), PPRP disability retirees receive a disability pension until they reach 25 years of constructive service. Upon reaching 25 years of constructive service, a disability retiree's benefit is recalculated in accordance with LSA-R.S. 11:3724(5) (a) and (b), pursuant to which he is placed upon forced regular retirement.
In accordance with LSA-R.S. 11:2223, MPERS disability retirees receive disability benefits until the disability retiree reaches normal retirement age as defined in LSA-R.S. 11:2220. Upon reaching regular retirement age, a disability retiree's disability benefits cease and regular retirement benefits begin.
Based upon the statutory provisions referenced herein, it is the opinion of this office that a disability retiree's disability benefits under the PPRP plan must cease when he reaches 25 years of constructive service, even if he has not yet reached regular retirement age under the MPERS plan. Since the two plans calculate the time at which a disability retiree reaches regular retirement differently, most disability retirees will be deemed to have reached regular retirement under one plan before they will be deemed to have reached regular retirement under the other.
At the time of the merger of the PPRP plan and the MPERS plan, the City of Shreveport agreed that no employee/retiree would suffer the loss of any benefit(s) that he would otherwise be entitled to receive under the PPRP plan due to the merger. As long each retiree receives everything he is statutorily entitled to under the PPRP plan, he is owed nothing further, even if his PPRP benefits decrease when he goes from disability to regular retirement. Although the City of Shreveport agreed that no employee/retiree would suffer the loss of any benefit(s) that he would otherwise be entitled to receive under the PPRP plan, we are advised that it did not agree that an employee/retiree would never suffer a decrease in benefits when the decrease is caused by calculations made pursuant to the PPRP plan itself.
We hope the foregoing is of assistance. Please do not hesitate to contact us if we can assist the City of Shreveport in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
cc: Ms. Phyllis K. Copp
DATE RECEIVED: DATE RELEASED:
JEANNE-MARIE BARHAM, ASSISTANT ATTORNEY GENERAL